ASSOCIATED FISHERIES OF
MAINE, INC., Plaintiff,

v.

Donald EVANS, Secretary of the
United States Dept. of Commerce, Defendant.

No. 04–CV–108–P–S.

United States District Court,
D. Maine.

Aug. 19, 2004.

H. Reed Witherby, Smith & Duggan, LLP, Boston, MA, Kate S. Debevoise, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Associated Fisheries of Maine, Inc.

Adam Issenberg, U.S. Department of Justice, Environmental & Natural Resources Div Benjamin Franklin Station, Coby H. Howell, U.S. Department of Justice, Environmental & Natural Resources Div Benjamin Franklin Station, Washington, DC, for Secretary of U.S. Department of Commerce.

Gary C. Wood, City of Portland, Portland, ME, for City of Portland, Amicus.

## ORDER ON MOTION TO TRANSFER

SINGAL, District Chief Judge.

Before the Court is Defendant's Motion to Transfer (Docket #12) through which Defendant seeks to have this action transferred to the United States District Court for the District of Columbia in hopes that it would then be consolidated with *Oceana, Inc. v. Evans,* Civ. No. 04–811 (D.D.C.). (*See* Ex. 1. to Docket #25.) Plaintiff opposes the Motion to Transfer.

For the reasons explained below, the Court DENIES the Motion

## I. APPLICABLE LEGAL STANDARD

The authority for one district court to transfer an action to another district is found in 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* As the First Circuit has explained, "the burden of proof rests with the party seeking transfer; there is a strong presumption in favor of plaintiff's choice of form." *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000). The First Circuit has also instructed that district courts considering transfer should consider not only the convenience of the parties and witnesses but also "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Id.* Ultimately, the decision to transfer rests in the discretion of the court.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Associated Fisheries of Maine, Inc. ("AFM") filed its complaint on May 27, 2004. AFM seeks to challenge a final rule published by the Secretary of Commerce on April 27, 2004. Specifically, Plaintiff Associated Fisheries of Maine ("AFM") seeks to challenge a discrete portion of the final rule implementing Amendment 13 to the Northeast Multispecies Fishery Management Plan ("Amendment 13").

Amendment 13 was promulgated using the procedures laid out in the Magnuson–Stevens Act, 16 U.S.C. § 1801 *et seq.* The Magnuson–Stevens Act created eight regional fishery management councils, which are charged with preparing fishery management plans ("FMPs") for their respective fisheries. *See* 16 U.S.C. § 1852. FMPs and amendments to FMPs generally seek to conserve and manage various fish populations in order to prevent overfishing and eventual collapse of regulated fisheries. FMPs and amendments to FMPs are transmitted from the fishery management council to the Secretary of Commerce, who is charged with reviewing the plans and taking the steps necessary to turn approved FMPs or amendments to FMPs into final published regulations.[1] *See* 16 U.S.C. § 1854. Following this process, Amendment 13 was developed by the New England Fishery Management Council ("NEFMC") and transmitted to the Secretary of Commerce.[2]

In addition to the AFM case now pending before this Court, there are at least three other cases pending before Judge Huvelle in the U.S. District Court for the District of Columbia that involve challenges to the administrative rulemaking that resulted in Amendment 13. In an order dated August 12, 2004, Judge Huvelle consolidated *Oceana, Inc. v. Evans,* Civ. No. 04–811 (D.D.C.) (filed May 18, 2004), *Conservation Law Foundation, et al. v. Evans, et al.,* Civ. No. 04–839 (D.D.C.) (filed May 25, 2004), and *Trawlers Survival Fund v. Evans,* Civ. No. 04–862 (D.D.C.) (Filed May 27, 2004) (together, the "Consolidated D.C. Cases").

## III. DISCUSSION

In his Motion to Transfer, the Defendant, Secretary of Commerce Donald Ev-

---

**1.** The Magnuson–Stevens Act also includes some provision by which the Secretary may engage in rulemaking without receiving proposals from a fishery management council. *See* 16 U.S.C. § 1854(c).

**2.** The Court notes at the outset that the promulgation of Amendment 13 was also done in an apparent response to various court orders issued following the decision in *Conservation Law Foundation v. Evans,* 209 F.Supp.2d 1 (D.D.C.2001).

ans, essentially argues that the interest of justice will be best served if this action is transferred to Judge Huvelle for potential consolidation with the three cases listed above. The question for the Court is whether Defendant can meet his burden in showing that the interest of justice would be served by a transfer and should therefore trump the "strong presumption in favor of plaintiff's choice of forum." *Coady*, 223 F.3d at 11.

Plaintiff objects to the Secretary's attempt to have this action transferred and urges the Court to keep the case in the District of Maine. AFM attempts to distinguish its challenge from the Consolidated D.C. Cases, which, according to AFM, "all present different issues" that "cover a wide range and include complex issues that are not readily susceptible to expedited resolution." (Pl.'s Opp. to Transfer Mot. (Docket # 19) at 3.) In contrast, Plaintiff frames its challenge to Amendment 13 as limited to one phrase—"not to exceed the vessel's annual allocation prior to August 1, 2002"—which it claims the Secretary arbitrarily and capriciously inserted into the final rule implementing Amendment 13, thereby further limiting the potential days at sea ("DAS") that AFM members may spend engaged in commercial fishing.

Having reviewed both AFM's complaint and the three complaints filed in the Consolidated D.C. Cases, the Court finds that AFM does present a unique narrow challenge to a particular provision of Amendment 13. Undoubtedly, AFM's claims do overlap with the claims presented in the Consolidated D.C. Cases. However, the pending case and the Consolidated D.C. Cases are by no means identical. *See, e.g., Cianbro Corp. v. Curran–Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987) (explaining that "the first filed action is generally preferred in a choice-of-venue decision" where the actions are "identical").

Rather, the broad challenges to Amendment 13 presented in the Consolidated D.C. Cases arguably will require the court to review many substantive portions of Amendment 13 as well multiple procedural aspects of the rulemaking process that are totally irrelevant to AFM's claim. By way of example, the Consolidated D.C. Cases clearly challenge many aspects of Amendment 13 that were developed by the NEMFC. By comparison, AFM's Complaint states: "AFM does not challenge the DAS restriction that the NEFMC has lawfully imposed, but the additional restriction that the [Secretary] unilaterally seeks to impose are unlawful." (Compl.¶ 6.) In short, the Court finds that because of the narrow challenge brought by AFM, AFM's claim can be resolved separately from the Consolidated D.C. Cases without a potential for inconsistent judgments. Moreover, the narrow nature of AFM's challenge would allow this Court to rule on the AFM matter more quickly than the U.S. District Court for the District of Columbia will be able to resolve the multiple complex questions already posed by the Consolidated D.C. Cases.

Faced with Defendant's attempt to subsume its narrow challenge into the broader challenges to Amendment 13 contained in the Consolidated D.C. Cases, AFM expresses particular concern that transfer and consolidation of its claims will result in a delayed decision on its narrow challenge. AFM essentially contends that time is of the essence. To the extent the language they challenge has the effect of further limiting the days at sea that its members are allowed in the current fishing season, AFM seeks a decision that prevents the Secretary from enforcing and interpreting that language to the detriment of AFM's members as soon as possible and hopefully prior to the end of the current fishing season, which ends on April 30, 2005.

AFM argues that transfer of the case will likely prevent a decision before the end of the current fishing season. Thus, AFM believes that transfer would not serve the interest of justice and would also not serve the dictate of the Magnuson–Stevens Act, which calls on courts to review challenges to regulations promulgated under the Act "at the earliest possible date" and to "expedite the matter in every possible way." 16 U.S.C. § 1855(f)(4).

In light of the harm that would come from a delayed decision on AFM's challenge and the statutory mandate that the Court "expedite" challenges such as those presented by AFM, the Court concludes that a transfer would not serve the interest of justice. The Court notes that it has considered Defendant's argument that the interest of justice would be advanced if only one court was required to review the voluminous administrative record on Amendment 13. Defendant correctly points out that this type of consolidation could promote judicial efficiency. However, the Court believes that its review of AFM's challenge can proceed efficiently with the help of technology[3] as well as the parties' utilization of the District of Maine's Local Rule 56.[4] Thus, in the Court's assessment, the interest of justice is best served by allowing Plaintiff's challenge to proceed to a prompt resolution in its home forum.

Moreover, the Court notes Defendant clearly has not shown that transfer will result in more convenience for the parties to this litigation. In fact, the Secretary initially asserted that the convenience of the parties and witnesses did not favor either jurisdiction.[5] For its part, AFM asserts that it would be less convenient and more expensive for it to have to litigate its dispute in the District of Columbia, especially if its case were to join the Consolidated D.C. Cases. In short, it appears that it would be more convenient for AFM to continue to press its challenge before this Court.

## IV. CONCLUSION

The Court finds that Defendant has not overcome the strong presumption in favor of Plaintiff's home forum and has not met his burden of showing that transferring this case to the U.S. District Court for the District of Columbia would serve the interest of justice or the convenience of the parties and witnesses. For this reason, the Motion to Transfer is DENIED.

The parties are reminded that the Court has already granted the Plaintiff's unopposed motion to expedite this matter pursuant to the parties' proposed schedule. (*See* Docket # 15.) Under the expedited schedule, the briefing schedule for the cross-motions for summary judgment will be triggered upon Plaintiff's receipt of De-

---

3. The Court notes that Defendant has agreed to provide this Court with a copy of the administrative record in searchable CD–ROM format. (*See* Docket # s 27 & 28.)

4. In connection with the cross-motions for summary judgment, the parties are urged to read and comply with the procedures for filing statements of material fact laid out in Local Rule 56. In accordance this rule, the parties are reminded that: "The court may disregard any statement of fact not supported by a specific citation to record material prop-

erly considered on summary judgment. The court shall have no independent duty to search or consider any part of he record not specifically referenced in the parties' separate statement of facts." Local Rule 56(e).

5. With respect to witnesses, both parties admit that witnesses are unlikely to be an issue since the case will likely be resolved by cross-motions for summary judgment and the Court's review of the administrative record.

fendant's Answer and the Administrative Record.

SO ORDERED.